IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL MOMENT, #112096 | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. PJM-11-3122 |
| MONTGOMERY COUNTY CORRECTIONAL FACILITY | * | |
| | * | |
| Defendant | | |

\*\*\*

## MEMORANDUM OPINION

Pending is self-represented plaintiff Michael Moment's ("Moment") prisoner civil rights complaint as supplemented. ECF Nos 1 and 4. After careful review, the Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

## BACKGROUND

Moment generally alleges that his cell is too small to hold two inmates, he is locked in his cell for 21 hours each day, the showers are cold, there are flies in the prison, the prison is unclean, the temperature in the prison is poorly regulated, the food is not prepared well, the fruit given to prisoners is unripe, the vents blow dust and what he assumes to be "asbestos," and he is deprived of basic medical care. Complaint, ¶ 3. Moment alleges generally that he was "assaulted" by a prison guard but sustained no injury. Supplement, p. 1. He provides no description of the circumstance of the "assault." He asserts that he has suffered headaches, nose bleeds, pain in his body, irritation and sleep disorders as a result of the conditions in prison. As redress, he requests an "investigation." Complaint.

## STANDARD OF REVIEW

Moment was granted leave to proceed to proceed in forma pauperis in this case. ECF No. 3. The in forma pauperis statute authorizes district courts to dismiss a case if it is satisfied that the

action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e) (2) (B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Thus, even had he paid the full filing fee, this Court is obliged to screen this lawsuit to identify cognizable claims or to dismiss the Complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.

The Court is mindful that Plaintiff is self-represented and has accorded his filings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam ).  Liberal construction, however, does not mean that the Court can ignore clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1948 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level" and must be a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,  556 U.S. at __, 129 S.Ct. at 1949.

## DISCUSSSION

**A. Conditions of Confinement**

Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment, which applies to convicted inmates. *See Bell v. Wolfish*, 441 U.S. 520, 535–538 (1979). Due process proscribes punishment of a detainee before adjudication of guilt has been accomplished. *Id.* "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Hill v, Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). "And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell*, 441 U.S. at 537. As a practical matter, pretrial detainees' rights under the Due Process Clause are coextensive with the Eighth Amendment protections applicable to convicted inmates. *See, e.g., Hill v. Nicodemus,* 979 F.2d 987, 991–92 (4th Cir.1992).

"[P]retrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 243–44 (1983) and *Hill*, 979 F.2d at 991–92). The standards applied in Eighth Amendment conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees. *See Hill*, 979 F.2d at 991; *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988) (citing *Estelle v. Gamble*, 429 U.S. 97(1976)).

To state a conditions-of-confinement claim, an inmate must show that: 1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and 2) that the prison official's state of mind was one of "deliberate indifference." *Farmer*, 511 U.S. 825, 834 (1994). In

3

*Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993), the Fourth Circuit explained that an inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant harm. The Prison Litigation Reform Act of 1996 also requires proof of "physical injury" arising from the allegedly unconstitutional condition. Under federal law, no recovery of monetary damages is allowed for emotional stress "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Prisoners have a right to "nutritionally adequate food, prepared and served under conditions that do not present an immediate danger to the health and well-being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir.1985) (internal quotations marks and citation omitted); *see also Farmer*, 511 U.S. at 833. The Constitution does not guarantee food that is prepared and served in a pleasing manner. *See Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir.1994) (allegations of cold, poorly prepared beans were insufficient to state a constitutional claim).

The Constitution does not mandate "comfortable prisons." *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The conditions of confinement complained of by Plaintiff amount to nothing more than a "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters,* 989 F.2d 1375, 1380 (4th Cir. 1993); *see also Hadley v. Peters*, 70 F.3d 117 (7th Cir.1995), *cert. denied*, 517 U.S. 1111 (1996) ("Prisons are not required to provide, and prisoner cannot expect, the services of a good hotel.").

The conditions about which Plaintiff complains are uncomfortable and inconvenient. He fails, however, to allege how Defendant has acted with requisite deliberate indifference or that these conditions pose a risk of serious harm. Plaintiff fails to show a nexus between his alleged

headaches, nose bleeds, general body pain, irritation and sleep disorders with the inconveniences about which he complains. Plaintiff's assertions neither demonstrate serious deprivation of basic human needs nor deliberate indifference on the part of prison officials.  Consequently, he has failed to state a claim of constitutional dimension.

### B. Excessive Force

The Fourteenth Amendment due process clause protects a pre-trial detainee from the use of excessive force that amounts to punishment. *See Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989); *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008).  To succeed on his claim of excessive force,  Plaintiff must show the infliction of "unnecessary and wanton pain and suffering." *Carr v. Deeds*,  453 F.3d 593, 605  (2006). "The proper inquiry is whether the force applied was in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id*. (citation and quotation omitted).

Although "[a]n express intent to inflict unnecessary pain is not required" to make out such a claim, *Whitley v. Albers*, 475 U.S. 312, 319 (1986),  Plaintiff must show that Defendant "inflicted unnecessary and wanton pain and suffering." *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir.1998), abrogated on other grounds by *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1179(2010) (per curiam). This determination necessarily involves a subjective analysis. *See Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir.1998) (noting that the plaintiff must show "that the correctional officers acted with a sufficiently culpable state of mind."). Factors relevant to this determination are "the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm." *Orem*, 523 F.3d at 446.   Whether the measure taken inflicted unnecessary and wanton pain and suffering "ultimately

5

turns" on the last of these factors. *Whitley*, 475 U.S. at 320–21. s*ee also Wilkins*, 130 S.Ct. at 1178–79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

Further, the Court must recognize that "agents of the state are permitted to exercise a certain degree of force in order to protect the interests of society." *Justice v. Dennis*, 834 F.2d 380, 382 (4th Cir. 1987). Not every "push or shove, even if it may later seem unnecessary" is serious enough to rise to the level of a constitutional violation. *Orem*, 523 F.3d at 447 (quoting *Graham v. Connor,* 490 U.S. at 396 (1989)). In this case, Plaintiff's bare allegation of "assault" without any details regarding the circumstances of the incident, is insufficient to state a claim.

Lastly, to the extent that Plaintiff is attempting to sue the Detention Center itself, only "persons' may act under color of state law. See 42 U.S.C. § 1983. Inaminate objects such as buildings cannot act under color of law. *See Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C.1989)   Accordingly, this case is dismissible on this ground as well.

Accordingly, the Complaint will be DISMISSED without prejudice and without issuance of service of process. A separate Order follows.

November 29, 2011

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE